IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TANZA NELSON**                                                                                          **PLAINTIFF**

v.                                    Case No. 5:12-cv-00292 KGB

**JIMMY BANKS, in his official capacity
as Warden of the Varner Unit and in his
individual capacity, and the
ARKANSAS DEPARTMENT OF CORRECTION**                          **DEFENDANTS**

**ORDER**

Before the Court is plaintiff Tanza Nelson's motion to dismiss (Dkt. No. 19). Ms. Nelson alleges in her complaint claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. She now requests to dismiss voluntarily this action without prejudice. Defendants have not responded, and the time for responding has passed.

The Court is willing to dismiss without prejudice Ms. Nelson's claims, as requested. Before the Court does so, however, Ms. Nelson should be aware that the practical effect of a voluntary dismissal may be a dismissal with prejudice of certain of her claims.

Arkansas has a savings statute that entitles a party to refile a cause of action within one year after a dismissal without prejudice. Ark. Code Ann. § 16-56-126. That statute applies to claims brought under 42 U.S.C. § 1983, *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001), and likely applies to claims brought under 42 U.S.C. § 1981 based on the same rationale, *Thompson v. Wal-Mart Stores, Inc.*, 314 F.Supp.2d 842 (W.D. Ark. 2004). However, the Arkansas savings statute does not apply to extend the limitations period for Title VII claims, which are governed by a specific federal statute of limitations. *See Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983). Thus, in Title VII cases, a voluntary dismissal does not toll the ninety-day

period to file suit.  *Gatlin v. Missouri Pac. R. Co.*, 631 F.2d 551, 554 (8th Cir. 1980) ("[A] dismissal without prejudice leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed was pending.").

At Ms. Nelson's request and without objection from defendant, for good cause shown, the motion is granted.  This action is dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Each party shall bear his, her, or its own costs and fees.

SO ORDERED this the 9th day of June, 2014.

_____
Kristine G. Baker
United States District Judge